HOME SAVINGS BANK *vs.* CHARLES A. MACKINTOSH.

Suffolk.   May 5. — Oct. 14, 1881.   ALLEN, J., absent.

An agreement to pay interest due on a promissory note of another, and taxes due upon his estate mortgaged to secure the note, and, upon a certain condition, to take care of the interest which might thereafter become due, by a person who is under no previous liability on the note, and has no interest in the estate except an anticipated conveyance of it to him in the future, raises no implied promise on his part to pay the principal of the note.

A. proposed by letter to B., who held a promissory note of C. secured by a mortgage of real estate, to pay the interest then due on the note on the day when the next semiannual payment became due, and whatever taxes B. had to pay on the mortgaged estate, and, after that, provided B. would reduce the rate of interest, to take care of it as it fell due.   B. accepted this proposition.   A. was under no previous liability on the note, and had no interest in the estate except an anticipated conveyance of it to him by C. in the future, which in fact he did not get.   B., instead of paying the taxes then due, allowed the estate to be sold for nonpayment of the taxes, and purchased it at the tax sale.   *Held*, in an action by B. against A. on the agreement, that A.'s offer contemplated that the title to the estate would remain in the same condition that it was when the offer was made, by the payment of the taxes by B.; and that the action could not be maintained.

CONTRACT upon an alleged promise of the defendant to pay a debt of his father to the plaintiff.   The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, the material parts of which appear in the opinion.

*C. R. Train & J. O. Teele*, for the plaintiff.

*A. French*, for the defendant.

DEVENS, J.   The plaintiff was assignee of a note secured by a mortgage made by Charles G. Mackintosh, the father of the defendant.   Charles G. Mackintosh having failed to pay the interest on the note, and also the taxes on the land mortgaged,

the transaction took place between the plaintiff and the defendant which is shown by the letters of August 28 and August 30, 1878, from the defendant, and that of August 31, 1878, from the president of the plaintiff corporation, and which constitute the contract declared on. By his letter of August 28, the defendant agreed to pay the interest then due on the day when the next semiannual payment became due, and whatever taxes the plaintiff had to pay on the estate. After that, provided the plaintiff would reduce the interest to six per cent, the defendant agreed to take care of it as it fell due. This proposition of the defendant was accepted by the plaintiff's president, by his letter of August 31. The taxes for the year 1877 were at this time due on the estate. There was previously no liability of the defendant upon the note, nor had he any interest whatever in the mortgaged premises, although it appears that the defendant anticipated that a conveyance would be made to him at some time thereafter by his father. No such conveyance was ever in fact made. It was a promise to pay interest then due upon the note of another, and taxes then due upon the mortgaged estate of another ; and further, upon a certain condition, to take care of the interest which might thereafter become due. Such an agreement, in which nothing is said about the payment of the principal of the note, affords no ground from which a promise to pay such principal can be inferred against the defendant. It may well have been that the plaintiff was satisfied with the security afforded by the note of the original promisor and the mortgaged property, if interest upon the one could be paid, and taxes upon the other kept down.

The plaintiff, instead of paying the taxes due at the time of the contract, permitted the mortgaged estate to be sold on September 9, 1878, and purchased the tax title at the sale for non-payment of taxes, and now holds the same. It has since paid the taxes subsequently assessed on the estate ; and, if it cannot recover the principal of the note, now seeks to recover the taxes together with the interest due upon the note since the letter of August 28, according to the terms of that letter. In order that the plaintiff should recover, it is necessary, even if the promise of the defendant is in writing, that it should appear to have been founded upon a sufficient consideration moving

between the parties, although such consideration may have been forbearance to or a benefit conferred upon a third party. The declaration alleges an agreement by the plaintiff to forbear to sue the note and foreclose the mortgage as the consideration of the defendant's promise, but the evidence derived from the correspondence, which is the only evidence upon the subject, shows that this was not the whole consideration. It was contemplated by the defendant's offer, that the taxes would be paid by the plaintiff, and that the plaintiff would so protect the property that the title thereto would remain in the same condition that it was when the offer was made. The plaintiff failed so to do; it availed itself of the sale for taxes to invest itself with a new and distinct title, which it has never offered to surrender. It was to avoid such a sale that the proposal was made by the defendant to pay such taxes as the plaintiff should pay on the estate. Nor is it an answer to say that the sale operated as a payment of the taxes. It may be so, so far as the public is concerned; but its effect, so far as the defendant was concerned, was not the same, as a new title was thus acquired by the plaintiff in the estate which the defendant was striving to protect.

*Judgment affirmed.*